IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **CARL C. FOSTER**, *et al.*, )<br>)<br>**Plaintiffs,** )<br>v. )<br>)<br>**STATE OF WEST VIRGINIA**, *et al.*, )<br>)<br>**Defendants.** ) | Civil Action No. 2:14-24091 |

## PROPOSED FINDINGS AND RECOMMENDATION

On July 28, 2014, Plaintiff Foster, acting *pro se*, filed a Complaint naming the following as Defendants: (1) The State of West Virginia; (2) WV American Water; (3) The Calwell Practice; and (4) Freedom Industries. (Document No. 2.) Having considered Plaintiff Foster's claims upon screening under 28 U.S.C. § 1915A, the undersigned has determined that "the people of Washington Manor and surrounding area (i.e. Margaret, Joseph, Ross Streets & 100 Washington St.)" should be dismissed as Plaintiffs, the State of West Virginia and The Calwell Practice should be dismissed as Defendants, and this matter should be referred back to the undersigned for further proceedings upon Plaintiff's Clean Water Act claim.

## PROCEDURAL AND FACTUAL BACKGROUND

In his Complaint, Plaintiff Foster alleges that "[s]ometime in 2013 Freedom Industries spilled toxic chemicals in West Virginia's public water supply." (Document No. 2.) Plaintiff Foster complains that the "incident was not reported until several month later in January, 2014." (Id.) Plaintiff Foster argues that Defendants allowed the community to be exposed to unsafe water. (Id.) Plaintiff Foster further complains that The Calwell Practice "has failed to inform members of the community hit the hardest by the spill of this civil action, and they neglected to give information

about steps to be taken by the individual to be represented on their class action suit." (Id., p. 2.) Plaintiff Foster claims that The Calwell Practice has "failed to recognize the named community as those hit the hardest." (Id.) Plaintiff Foster indicates that he is filing the Complaint on the behalf of himself and the interest of "the people of Washington Manor and surrounding area (i.e. Margaret, Joseph, Ross Streets & 100 Washington St.)." (Document No. 2, p. 1.) Plaintiff attaches a document containing the names of 153 individuals who "want to be part of a class action suit." (Id., pp. 3 - 9.) Plaintiff Foster requests damages in the amount of $25,000,000.[1] (Id., p. 2.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a person seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these

---

[1] Construing Plaintiff Foster's Complaint liberally, the undersigned finds that his is alleging that WV American Water and Freedom Industries violated the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.*

standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

**1.      Plaintiff Foster May Not Represent Other Individuals in a Class Action:**

The undersigned first notes that Plaintiff Foster is attempting the litigate a class action before this Court when it appears that he is not an attorney. Appearances and representations in federal court are limited to parties proceeding with counsel or acting *pro se*. See 28 U.S.C. § 1654. Additionally, it is "unlawful for any natural person to practice or appear as an attorney-at-law for another in a court of record in this state . . . without first having been duly and regularly licenced and admitted to practice law in a court of record in this state." W. Va. Code § 30-2-24. The undersigned, therefore, finds that Plaintiff Foster is precluded from prosecuting claims on behalf of "the people of Washington Manor and surrounding area (i.e. Margaret, Joseph, Ross Streets & 100 Washington St.)." The Court declines to consider any claims asserted by Plaintiff Foster on the behalf of "the people of Washington Manor and surrounding area" as it constitutes the unauthorized practice of law. See McClung v. United States, 2010 WL 3999295 at * 1 (S.D.W.Va.)(J. Berger)(striking and declining to consider the merits of a letter written by a non-attorney on behalf of a *pro se* plaintiff because "it represents the unauthorized practice of law."); Wagner v. Whipkey, 2007 WL 1074870 at *2 (S.D.W.Va. (M.J. Stanley) ("It is well settled that a *pro se* individual or individuals cannot represent a class. Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975).") The undersigned therefore recommends that "the people of Washington Manor and surrounding area (i.e. Margaret, Joseph, Ross Streets & 100 Washington St.)" be dismissed as Plaintiffs.[2]

---

[2] To the extent "the people of Washington Manor and surrounding area" wish to file a claim, each of these individuals should (1) file a Complaint, and (2) pay the Court's filing fee ($350) and administrative fee ($50) totaling $400, or file an Application to Proceed Without Prepayment of

**3.     Improper Party:**

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. First, the undersigned finds that the State of West Virginia is not a "person" as required by Section 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Additionally, suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution.[3] See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). Accordingly, the undersigned finds that Plaintiff Foster has not stated a claim for which relief may be granted as to the State of West Virginia. The undersigned, therefore, recommends that Plaintiff Foster's claim

---

Fees.

[3] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

against the State of West Virginia be dismissed.

**4.     The Calwell Practice:**

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[4]

In the instant matter, Plaintiff Foster does not allege the basis for the District Court's

---

[4] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state . . .;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

jurisdiction as to The Calwell Practice. See Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff Foster's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff Foster does not allege a violation of a federal statute or constitutional provisions. Plaintiff Foster merely complains The Calwell Practice "has failed to inform members of the community hit the hardest by the spill of this civil action, and they neglected to give information about steps to be taken by the individual to be represented on their class action suit." (Document No. 2, p. 2.) Plaintiff Foster claims that "they have failed to recognize the named community as those hit the hardest." (Id.) There is no allegation of discrimination based upon race, religion, gender, or national origin.

Next, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. It does not appear that Plaintiff Foster and The Calwell Practice are "citizens of different states." Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** "the people of Washington Manor and surrounding area (i.e. Margaret, Joseph, Ross Streets & 100 Washington St.)" as Plaintiffs, **DISMISS** Plaintiff's Complaint as to the State

of West Virginia and The Calwell Practice, and **REFER** this matter back to the undersigned for further proceedings on Plaintiff Foster's claim alleging a violation of the Clean Water Act.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 8, 2014.

R. Clarke VanDervort
United States Magistrate Judge