```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON


CARL C. FOSTER and
THE PEOPLE OF WASHINGTON
MANOR AND SURROUNDING AREA
(i.e. Margaret, Joseph, Ross Streets
and 100 Washington Street),

        Plaintiffs,

v.                                    Civil Action No. 2::14-24091

THE STATE OF WEST VIRGINIA and
WV AMERICAN WATER and
THE CALLWELL [sic] PRACTICE and
FREEDOM INDUSTRIES,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

This action was previously referred to R. Clarke VanDervort, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The magistrate judge recommends in the PF&R that certain parties in the complaint be dismissed pursuant to 28 U.S.C. § 1915A.

On August 8, 2014, the PF&R was filed.  On August 13, 2014, plaintiff filed his objections.  The objections do not address the deficiencies in the complaint identified by the magistrate judge.  For example, the objections do not allege a

basis for subject matter jurisdiction to support a claim against the Calwell Practice, such as supplemental jurisdiction. The objections are thus not meritorious.

The objections also appear to seek an amendment of the complaint. Two observations, however, are in order. First, as noted by the magistrate judge, the State of West Virginia is not a proper party given its absolute immunity from suit pursuant to the Eleventh Amendment. The same is true for the Governor, whom plaintiff seeks to add by amendment as a party who could "remedy the problems using the state." (Objecs. at 1). To the extent plaintiff seeks damages against the Governor in his official capacity, the Eleventh Amendment bar still applies. Further, to the extent prospective injunctive relief is sought against the Governor, the failure to specify the nature of such relief results in a futility finding under Federal Rule of Civil Procedure 15.

Second, the claim pled against the Calwell Practice is patently frivolous beyond the jurisdictional infirmity. In sum, plaintiff alleges that the Calwell Practice has failed to keep "members of the community" informed about certain putative class litigation ongoing against certain defendants or to "reckognize [sic] the named Community as those hit hardest." (Compl. at 2). His objections further contend, without elaboration, that the

Calwell Practice has engaged in "Fraud and neglect as well as discrimination which I believe is class oriented or motivated." (Objecs. at 1).  The allegations of negligence found in the complaint fail to identify the duty owed to plaintiff by the Calwell Practice and how it was breached.  Further, the fraud and discrimination allegations mentioned in the objections lack the corresponding, basic factual averments that might give rise to a plausible claim.  There is thus no basis for permitting the requested amendment of the complaint.

Following a _de novo_ review, and having concluded that the objections lack merit, it is ORDERED as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein to the extent stated in paragraph 2 immediately below;

2. That the complaint be, and it hereby is, dismissed as to the State of West Virginia and the Calwell Practice; and

3. That this action be, and it hereby is, recommitted to the magistrate judge pursuant to the terms of the July 30, 2014, standing order.

**The Clerk is directed to send a copy of this written opinion and order to counsel of record and plaintiff.**

**ENTER: September 3, 2014**

_____
**John T. Copenhaver, Jr.
United States District Judge**