IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **CARL C. FOSTER,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| v. | )   Civil Action No. 2:14-024091 |
| | ) |
| **STATE OF WEST VIRGINIA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 28, 2014, Plaintiff Foster, acting *pro se*, filed a Complaint claiming Defendants violated the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.* (Document No. 2.) As Defendants, Plaintiff Foster named the following: (1) The State of West Virginia; (2) W.V. American Water; (3) The Callwell Practice; and (4) Freedom Industries. (Id., pp. 4 - 5.) Plaintiff Foster indicated that he was filing the Complaint on the behalf of himself and the interest of "the people of Washington Manor and surrounding area (i.e. Margaret, Joseph, Ross Streets & 100 Washington St.)." (Document No. 2, p. 1.) Plaintiff Foster attached a document containing the names of 153 individuals who "want to be part of a class action suit." (Id., pp. 3 - 9.) Plaintiff Foster requested damages in the amount of $25,000,000. (Id., p. 2.)

By Proposed Findings and Recommendation entered on August 8, 2014, the undersigned recommended that the District Court dismiss "the people of Washington Manor and surrounding area (i.e. Margaret, Joseph, Ross Streets & 100 Washington St.)" as Plaintiffs and dismiss the State of West Virginia and the Calwell Practice as Defendants. (Document No. 6.) By Order also entered on August 8, 2014, the undersigned granted Plaintiff Foster's Application to Proceed Without Prepayment of Fees, directed the Clerk to issue Summonses upon Defendant WV American Water and Freedom Industries, and directed Plaintiff Foster to serve the Summonses and Complaint upon Defendant WV

American Water and Freedom Industries. (Document No. 5.) On August 13, 2014, Plaintiff Foster filed his Objections to the undersigned's Proposed Findings and Recommendation. (Document No. 8.) By Memorandum Opinion and Order entered on September 3, 2014, United States District Judge John T. Copenhaver, Jr., adopted the undersigned's recommendation. (Document No. 9.)

On March 16, 2015, Plaintiff Foster filed a "Motion of Postponement." (Document No. 10.) Specifically, Plaintiff Foster requested that the Court "postpone all [his] hearings, procedures, and schedules" due to his health issues and economic hardship. (Id.) Plaintiff Foster explained that his "home life is suffering big time, and [he] needs to repair these fractures in [his] life." (Id.) Plaintiff Foster, therefore, requested the Court grant him a year to "repair [his] fractured health and social, home, and family life." (Id.) The undersigned granted in part and denied in part Plaintiff Foster's Motion. (Document No. 11.)

A review of the Docket Sheet in the instant case reflected that service had not been effectuated upon Defendants. By Order entered on September 21, 2015, the undersigned directed as follows:

> Plaintiff Foster shall have twenty (20) days from the date of entry of this Order to notify the Court of any good cause that prevented the effectuation of service within the 120-day period. Failure of Plaintiff Foster to respond to this Order within twenty (20) days from the date of this Order will result in a recommendation of dismissal of this matter without prejudice.

(Document No. 12.) Plaintiff Foster has not responded to the Court's above Order.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[1] See Link

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

2

v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Plaintiff Foster as the Defendants have not been required to make an appearance in this action. By Order also entered on August 8, 2014, the undersigned granted Plaintiff Foster's Application to Proceed Without Prepayment of Fees, directed the Clerk to issue Summonses upon Defendant WV American Water and Freedom Industries, and directed Plaintiff Foster to serve the Summonses and Complaint upon Defendant WV American Water

---

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

and Freedom Industries. (Document No. 5.) Although Plaintiff Foster filed this action on July 28, 2014, Plaintiff Foster has failed to effect service upon Defendants. By Order entered on September 21, 2015, the undersigned directed Plaintiff Foster "to notify the Court of any good cause that prevented the effectuation of service within the 120-day period."[2] (Document No. 12.) Plaintiff Foster has not responded to the foregoing Order. Plaintiff Foster, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Plaintiff Foster has a history of "deliberately proceeding in a dilatory fashion" or that the Defendants have been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff Foster that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff Foster would be unjust in view of Plaintiff Foster's status as a *pro se*, indigent litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff Foster's failure to respond to the undersigned's Order entered nearly a month ago. (Document No. 12.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Plaintiff Foster is able to show good cause for his failure to prosecute.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

[2] Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant" unless a plaintiff can demonstrate good cause for the failure. Fed.R.Civ.P. 4(m).

the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 15, 2015.

R. Clarke VanDervort
United States Magistrate Judge